UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Hussey, et al                                     Civil action no. 6:14-cv-2186

versus                                            Judge Richard T. Haik, Sr.

Total Environmental Solutions, Inc.               Magistrate Judge Carol B. Whitehurst

## ORDER OF REMAND

This matter was filed as a "Petition For Damages And/Or Class Action" by Plaintiffs, Dianna Hussey, individually and on behalf of all persons similarly situated ("Plaintiffs"), in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, against defendant, Total Environmental Solutions Inc. ("TESI"). TESI removed the action to this Court asserting jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441, stating "in that, in the Petition, Plaintiffs claim relief against TESI by virtue of and under laws of the United States." *R. 1*.

Plaintiffs allege in their Petition that TESI's water system provides drinking water to approximately 65 households in the Trewhill Subdivision located in Lafayette Parish. *R. 1-1, ¶ 2*. They further allege that TESI is responsible for the monitoring of contaminants in the drinking water, including the disinfection byproducts, Total Trihalomethanes (TTHMs) and Haloacetic Acids (HAA5), which Plaintiffs contend are known carcinogens. *Id. at ¶¶ 3-4*. Plaintiffs allege that from

May 2, 2013 to February 6, 2014, TESI's Trewhill Subdivision Water System was determined to have violated the U.S. Environmental Protection Agency ("EPA") rules pertaining to disinfectant byproduct contaminants on multiple occasions. *Id., at ¶¶ 8 - 12*. Plaintiffs assert causes of action in state law negligence for various personal "injuries, damages, other relief, including ... medical monitoring." *Id. at ¶13*. Plaintiffs bring their action for damages pursuant to Louisiana Code of Civil Procedure Article 591, *et seq*, seeking certification as a class action.

After reviewing the record, including TESI's Notice of Removal, the Court issued a *sua sponte* order requiring TESI to brief the issue of federal question jurisdiction. In their Memorandum In Response, TESI stated that while Plaintiffs' did not identify the specific regulations of the EPA which TESI allegedly violated, "the Safe Drinking Water Act ("SDWA"), 42 U.S.C.A. § 300f *et seq.* governs the conduct of TESI relevant to this matter." *R. 28.* While TESI's initially contended that this Court has federal question jurisdiction over Plaintiffs' claims because Plaintiffs' Petition references "United States Environmental Protection Agency regulations," TESI now maintains that the SDWA §§ 300f and 300g provide this Court with subject matter jurisdiction.

"The Safe Drinking Water Act, 42 U.S.C.A. §§ 300f *et seq.,* was passed in 1974 to establish uniform quality standards for the approximately 240,000 public

2

water systems in the United States to reduce contamination in drinking water. Public drinking water suppliers in the United States are under a duty to provide their customers with drinking water that meets federal quality standards established under the provisions of the SDWA." Robert W. Vinal, J.D. , *Citizens' Suits Under the Safe Drinking Water Act*, 67 Am. Jur. Proof of Facts 3d 95 (2002). The SDWA does not create a private civil action under which damages can be recovered for violation of a provision of the SDWA. *Id.* However, in addition to providing the EPA with the power to bring administrative and civil actions against violators, the SDWA also authorizes citizens' civil actions where the government has failed to pursue an action against a violator. See 42 U.S.C. § 300j-8(a)(1).

The SDWA's citizens' suits provision states that "any person may commence a civil action on his own behalf against (1) any other person, including the United States and any other government instrumentality or agency to the extent permitted by the Eleventh Amendment to the Constitution, who is alleged to be in violation of any requirement prescribed by or under the Safe Drinking Water Act; or (2) against the EPA Administrator for alleged failure to perform any nondiscretionary act or duty under the SDWA." 42 U.S.C. § 300j-8(a). Thus, the citizens' civil actions provisions of the SDWA, 42 U.S.C. § 300j-8, permit an individual to act as a "private attorney general" by directly filing a civil suit in federal district court against an SDWA

violator if the citizen plaintiff can meet certain subject matter jurisdiction and standing requirements and if, prior to filing the action, the citizen plaintiff has timely performed certain pre-suit notice procedures. A private individual's ability to enforce a SDWA provision or regulation is limited to pursing a civil action pursuant to SDWA's citizens' suits authorization. This authorization is governed by certain procedural requirements and subject matter jurisdiction limitations—i.e. jurisdictional standing, proper notice of the intent to sue properly served on the EPA, prospective defendant and the government of the subject state, at least 60 days prior to the filing of the civil action.

Federal courts are courts of limited jurisdiction. *See, e.g., Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Thus, a federal district court "must presume that a suit lies outside [its] jurisdiction." *Id*. Further, the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id*. As a Court of limited jurisdiction, this Court is obligated to examine the basis of its own jurisdiction *sua sponte*, and accordingly, remand any action where federal jurisdiction is lacking. Fed.R.Civ.P. 12(h)(3); *In re Canion*, 196 F.3d 579, 585 (5th Cir.1999).

The mere mention of a federal statute in the plaintiff's petition does not confer federal jurisdiction. *Hill v. Marston*, 13 F.3d 1548, 1550 (11th Cir.1994). In *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 817 (1986), the Supreme

Court held that a state law action based on a violation of federal law does not confer federal jurisdiction unless the federal statute provides a private right of action. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "This so-called 'arising under' or 'federal question' jurisdiction has long been governed by the well-pleaded-complaint rule, which provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' A federal question 'is presented' when the complaint invokes federal law as the basis for relief. It does not suffice that the facts alleged in support of an asserted state-law claim would also support a federal complaint. The well-pleaded-complaint rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 13 (2003).

Plaintiffs do not allege a federal cause of action in their original petition filed in state court and it is clear that the party who brings the suit is master to decide what law he will rely on. *Boone v. DuBose*, 718 F.Supp. 479 (M.D.La.1988), (citing *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)). TESI bases this Court's federal question jurisdiction on Plaintiffs' allegations that TESI's water treatment services are in violation of the "EPA" and asserts that Plaintiffs' action is brought

5

under the SDWA. However, with the limited exception of a citizens' suit under 42 U.S.C.A. § 300j-8, the SDWA contains no private right of action. TESI has failed to provide any evidence that Plaintiffs have alleged a citizens' suit or have made any attempt to comply with the jurisdictional requirements necessary to bring a citizens' suit.

In *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'*, 453 U.S. 1 (1981), the Supreme Court, analyzed the Clean Water Act, which has very similar wording to that of the SDWA's citizens' civil action section. *Compare* 33 U.S.C. § 1365 *with* 42 U.S.C.§ 300j-8. *See also* Robert W. Vinal, J. D., *Citizens' Suits Under the Safe Drinking Water Act*, 67 Am. Jur. Proof of Facts 3d 95, § 33 (2002). The Supreme Court's decision in *Sea Clammers* precludes implying a private right of action under any provision of the Clean Water Act other than § 1365, or in this case, the SDWA under § 300j-8. *See Sea Clammers*, 453 U.S. at 14–15 (federal courts may not imply a private right of action under any provision of the Clean Water Act not expressly referenced in the statute's citizen suit provision, 33 U.S.C. § 1365). The Court held:

> In view of these elaborate enforcement provisions it cannot be assumed that Congress intended to authorize by implication additional judicial remedies for private citizens under the Act. As we stated in *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979) "it is an elemental canon of statutory

6

> construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."

*Sea Clammers*, 453 U.S. at 14-15.

The court reached a similar result in *Bd. of Trustees of Painesville Township v. City of Painesville*, 200 F.3d 396 (6th Cir.1999), in which the Sixth Circuit affirmed the district court's dismissal of a wastewater treatment Clean Water Act case due to lack of subject matter jurisdiction. The *Painesville* court noted,

> We must affirm the district court's decision dismissing this case because the Supreme Court's decision in *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1 (1981), clearly precludes us from implying a private right of action against the defendant under the CWA. Even if plaintiffs' claims were authorized under the statute, we would still affirm because plaintiffs' failure to comply with the statutory notice provisions applicable to citizens suits under the Act deprives us of jurisdiction over their claims.

*Painesville*, 200 F.3d at 397. The *Painesville* court underscored that "it is not the role of federal courts to articulate federal interests-but to enforce the federal interests identified by Congress." *Id*. at 400.

Thus, consistent with the above jurisprudence, the Court determines that Plaintiffs' complaint does not arise under federal law. Plaintiff's Petition makes no mention of a citizens' suit under either the SDWA or the CWA. Nor is there any evidence that Plaintiff has timely performed the jurisprudential statutory notice provisions. There is no private right of action under the SDWA applicable here, and

7

the Petition does not implicate a substantial question of federal law. Accordingly,

**IT IS ORDERED** that this matter shall be remanded to the 16th Judicial District Court for the Parish of Iberia, State of Louisiana, for lack of subject matter jurisdiction.

This Order shall be **STAYED** for fourteen days from the date of issuance. Any appeal to the District Judge must be filed within fourteen days from the date of this Order. If an appeal is taken to the District Judge, the Order shall remain stayed until the appeal is decided. If no timely appeal is filed, the clerk shall remand the action forthwith.

Signed at Lafayette, Louisiana, on this 16th day of November 2015.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE